IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------x
In re                                                     :
                                                            : Chapter 11
     344 SOUTH STREET CORP                 :
                                                            : Bankruptcy No. 23-11548 (PMM)
                                           Debtor. :
---------------------------------------------------------x

## CITY OF PHILADELPHIA'S MOTION TO DISMISS

AND NOW, comes the City of Philadelphia, (the "City"), a priority and general unsecured creditor in the above-captioned case, by and through its Counsel, Pamela Elchert Thurmond, Senior Attorney, pursuant to Bankruptcy Code §1112(b)(1), to move this Court to dismiss the Debtor's bankruptcy case. The Debtor's bankruptcy case should be dismissed because the Debtor has failed to file post-petition Business Income & Receipts tax returns, Liquor Tax quarterly tax returns and Wage Tax quarterly tax returns.

The City avers the following in support thereof:

**FACTUAL STATEMENT**

       1.       The Debtor filed for bankruptcy protection on May 26, 2023.

       2.       On November 10, 2023, the City filed a claim for $264,957.63 of which $263,929.89 is a priority tax claim and $520.90 as a general unsecured claim owed by the Debtor to the City. See Exhibit A.

       3.       The Debtor owes the City post-petition as identified below[1]:

---

[1] In addition to the post-petition tax returns, the Debtor owes the following pre-petition tax returns: Business Income & Receipts tax return for 2022; Annual Liquor tax returns for 2020 & 2021; and Quarterly Liquor tax returns for March 2022 to June 2022.

1

| Tax Type | Tax Period |
|---|---|
| 2023 | Business Income & Receipts Tax |
| September 2023 to March 2024 | Liquor Tax Quarterly Reconciliation |
| September 2023 to March 2024 | Wage Tax Quarterly Reconciliation |

**LEGAL ARGUMENT**

**THE DEBTOR'S BANKRUPTCY CASE SHOULD BE DISMISSED BECAUSE THE DEBTOR HAS FAILED TO FILE AND PAY POST-PETITION TAX RETURNS.**

4. The Debtor's bankruptcy case should be dismissed for cause pursuant to Section 1112(b) of the Bankruptcy Code because the Debtor has failed to file and pay the required post-petition taxes to the City.

5. Section 1112(b)(1) of the Bankruptcy Code specifies "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."

6. Pursuant to 1112(b)(4), cause includes:

   A. substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
   B. gross mismanagement of the estate;
   C. failure to maintain appropriate insurance that poses a risk to the estate or the public;
   D. unauthorized use of cash collateral substantially harmful to 1 or more creditors;
   E. failure to comply with an order of the court;
   F. unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

    G. failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;
    H. failure timely to provide information or attend meetings reasonably requested by the United States trustee. . .;
    I. failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;
    J. failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;
    K. failure to pay any fees or charges required under chapter 123 of title 28;
    L. revocation of an order of confirmation under section 1144;
    M. inability to effectuate substantial consummation of a confirmed plan;
    N. material default by the debtor with respect to a confirmed plan; or,
    O. termination of a confirmed plan by reason of the occurrence of a condition specified in the plan;
    P. failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

7. Section 1112(b)(1) of the Bankruptcy Code specifies "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause . . . ."[2]

8. The Debtor has filed to file the necessary post-petition tax returns as described above satisfying the requirement for cause in Section 1112(b)(4)(I).

9. For the reasons identified above, the City believes the Debtor's bankruptcy case shall be dismissed pursuant to Section 1112(b) because it failed to file post-petition tax returns.

WHEREFORE, the City respectfully requests that this Honorable Court GRANT the City's motion to dismiss the bankruptcy case.

---

[2] If the moving party establishes an initial showing of cause, then the burden shifts to the Debtor to show "unusual circumstances" exist for the exception in Section 1112(b)(2). Id.

        Respectfully submitted,

        THE CITY OF PHILADELPHIA

Dated: May 3, 2024        By:    */s/ Pamela Elchert Thurmond*
        PAMELA ELCHERT THURMOND
        Senior Attorney
        PA Atty No. 202054
        Attorney for the City of Philadelphia
        City of Philadelphia Law Department
        Municipal Services Building
        1401 JFK Boulevard, 5th Floor
        Philadelphia, PA  19102-1595
        215-686-0508 (phone)
        Email: Pamela.Thurmond@phila.gov